No. 19,406.

In re Interrogatories of the Governor Concerning Senate Bill No. 34 of the Second Regular Session of the Forty Second General Assembly.

(350 P. [2d] 811)

Decided March 17, 1960.

Mr. Duke W. Dunbar, Attorney General, Mr. John W. Patterson, Assistant, Mrs. Patricia H. Maloy, Assistant, presented the matter for the Governor.

Mr. JOHN M. SAYRE, Mr. J. FRED SCHNEIDER, Mr. HUBERT D. HENRY, appeared as *Amici Curiae.*

MR. CHIEF JUSTICE SUTTON stated the position of the Court.

THE Honorable Stephen L. R. McNichols, Governor of The State of Colorado, did on March 1, 1960, submit to this court eleven written interrogatories pursuant to Article VI, Section 3 of the Constitution of the State of Colorado which provides in pertinent part: "The Supreme Court shall give its opinion upon important questions upon solemn occasions when required by the governor, the senate, or the house of representatives; and all such opinions shall be published in connection with the reported decisions of said court."

The interrogatories in question deal with Senate Bill No. 34 heretofore adopted by the Colorado legislature in its second regular session of the Forty-second General Assembly. The statute in question is entitled:

"ENABLING COUNTIES, CITIES AND TOWNS OF COLORADO TO LEVY RETAIL SALES AND USE TAXES; PROVIDING FOR OPTIONAL COLLECTION BY DIRECTOR OF REVENUE OF THE STATE OF COLORADO; AND PROVIDING FOR THE INTEGRATION OF SUCH TAXES IN ORDER TO ESTABLISH UNIFORMITY WITHIN A COUNTY."

Inquiry is directed to the constitutionality of various features of the statute with particular reference to classification of counties, delegation of power and similar questions.

Upon receipt of the interrogatories five justices of the court were assigned to study and review the problems presented so that the matter could be expedited and answer secured if possible for the Governor before the expiration of the thirty day period in which he has to sign or veto the measure. These reviews have been made and several full court conferences held to discuss the statute, the interrogatories and possible answers thereto.

The questions to which answers are requested are as follows:

1. Does Senate Bill No. 34 contravene Article X Section 7 in that the General Assembly constitutes county commissioners corporate authorities as coming within the purview of said Article X Section 7?

2. Do the provisions of Senate Bill No. 34 contravene Article X Section 7 in that under said Bill, particularly Sections 4, 6 and 7, the General Assembly places a limit on the amount of tax to be imposed and collected, specifies the transactions upon which the taxes shall be imposed and the transactions exempt therefrom?

3. Does Senate Bill No. 34 contravene Article X Section 7 in that under Sections 5, 6, and 7, adoption of a sales and use tax ordinance by a city or town would preclude, to the extent of the municipal tax, collection and payment of the county tax on sales and use transactions within the boundaries of such municipality?

4. Does Senate Bill No. 34 contravene Article X Section 7 in that under the provisions thereof, particularly Section 7, the power granted corporate authorities of a city or town to impose sales or use taxes for municipal purposes is conditioned upon prior imposition of such taxes for county purposes by the county commissioners of the county in which such city or town is located?

5. Does Senate Bill No. 34 contravene Article V Section 25 and Article X Section 7 by precluding, in Section 11 of said Bill, the electors of counties adjoining a city and county from empowering imposition of the taxes by their respective county commissioners unless the electors in each and all of such counties vote to permit imposition of such taxes?

6. Does Senate Bill No. 34 contravene Article X Section 7 in that under Section 7(2) revenue in excess of a specified amount collected under a sales and use tax ordinance of a city or town would have to be paid by such municipalities into the general fund of the county in which such municipalities are situated?

7. Does Senate Bill No. 34 contravene Article V Section 1 in that under Section 5 thereof the General Assembly requires that the county commissioners refer to the electors of a county the question of whether such county commissioners shall be empowered to impose local sales and use taxes?

8. Does Senate Bill No. 34 contravene the provisions of Article XIV Section 8 in that under Section 8 of said Bill permission is granted governing bodies of the localities involved to enter into cooperation agreements with the Director of Revenue of the State of Colorado to effect collection of such retail sales or use taxes?

9. Does Senate Bill No. 34 contravene Article XXIV Sections 2 and 5 of the Constitution by empowering counties, cities and towns to impose retail sales and use taxes?

10. Does Senate Bill No. 34 contravene Article XXIV Section 2 of the Constitution by allocating the proceeds from local sales and use taxes to purposes other than those specified in said Article XXIV Section 2?

11. Is Senate Bill No. 34 a revenue raising measure within the prohibitions of Article V Section 31?

Originally Mr. Justice Knauss and Mr. Justice Hall would have declined to take jurisdiction and they are still of that opinion. Mr. Justice Frantz also at first was of the belief that we should not take jurisdiction; however, he has now determined otherwise. The positions of Mr. Justice Moore and Mr. Justice Doyle are set forth in a supplemental statement hereto.

■ Mr. Chief Justice Sutton, Mr. Justice Day and Mr. Justice Frantz are of the opinion that though several of the interrogatories could be answered in the negative they are inclined to the belief that interrogatories numbered 3, 4, 5 and 6 should be answered in the affirmative. It is their further belief that time does not permit the necessary comprehensive analysis of these questions in order to formulate a proper opinion thereon at this time and that all of them are not severable from the statute.

There being no majority of the court as to either validity or invalidity, no opinion detailing the matters under consideration can be rendered.

In *In Re Interrogatories* (1955), 131 Colo. 389, 281 P. (2d) 1013, the late Mr. Justice Clark made the following statements which apply to the instant matter as well:

"To anyone familiar with the intricacies and fine distinctions involved in the legal interpretation of constitutional and statutory provisions, it is apparent that the foregoing interrogatories concern matters of deep import and may not be readily answered. * * * Should we answer the questions, there is no positive certainty that our conclusions in this sort of proceeding would be correct, and certainly they would not be final. * * * In ancient days, when the oracle spoke, that which it said became law; but this is not true in our enlightened age, and when the legislature enacts a statute, it is subject to attack by every citizen who may claim to be aggrieved thereby; * * *.

"* * * No doubt there are situations under which this Court might with propriety advise the legislature (and we add here the governor too) concerning contemplated legislation, but we are certain that this is not such an instance."

As a general proposition we seriously doubt the wisdom of prejudging involved and complex legal problems and fundamental constitutional questions in proceedings like this, although our Constitution seems to provide that we shall so do; however, its directive cannot be taken to mean that we should so act when possible prejudice may well result later to our citizens whose rights are protected by both the state and federal constitutions.

Mr. Justice Moore and Mr. Justice Doyle:

We were, and are, of the opinion that we should accept jurisdiction herein.

Following the submission to the Court by the Governor of questions concerning the constitutionality of Senate Bill 34, and his request for answers thereto, we have read the briefs filed by counsel who appeared in the proceeding, some of whom argued that the said Bill was unconstitutional and others upholding the Bill as against the objections raised by the several questions posed by the Governor. We have supplemented the study of said briefs by a considerable research and independent study, and have reached a decision with reference to each of the questions propounded.

We are of the opinion that each of said questions should be answered in the negative. On its face the Bill does not violate any of the provisions of the constitution to which reference is made in the questions. It is possible, if and when the Bill becomes a law, that conduct of county or city officials (which might or might not occur), would amount to a violation of constitutional provisions, but it cannot be said that such result would necessarily follow if the Bill is enacted into law. If the measure becomes law, and conduct of persons acting under its authority takes an objectionable course, recourse to the judiciary would result in appropriate relief.

Opinion of MR. JUSTICE HALL:

At the time the Honorable Stephen R. McNichols, Governor of the State of Colorado, presented to this court eleven interrogatories and requested the court's opinion upon such questions, I took the position that such request should be denied. I adhere to that position and herein express reasons therefor.

I am of the opinion that it is dangerous to pass upon the constitutionality of an act of the General Assembly except as it is being used and applied to a particular set of facts. Legislative acts in themselves are neither harmful nor beneficial — but their application in particular circumstances may prove to be so. When and if

applied is the proper time to determine their validity in light of the application then being made.

In a very recent decision of this court, *Flank Oil Co. v. Tennessee Gas Transmission Co.*, Case No. 19260, decided February 11, 1960 — petitions for rehearing pending — this court said:

"It is axiomatic that constitutional questions must be presented in sharp focus by parties whose interests are actually affected by the questioned statutory provision. Moreover, enlightened evaluation is often impossible from an examination of the statute apart from the evidence of the alleged violation. * * *."

Though I did not participate in that case, I do subscribe to that language and feel that it is particularly applicable to the problems presented in this matter.

In *Phillips Chemical Company v. Dumas Independent School District No. 40,* United States Supreme Court, October term 1959, announced February 23, 1960, Chief Justice Warren, speaking for the whole court, said:

"A determination that Article 5248 is invalid * * * cannot rest merely on an examination of that article. It does not operate in a vacuum. First, it is necessary to determine how other taxpayers similarly situated are treated. Such a determination requires 'an examination of the whole tax structure of the state.' Cf. *Tradesmens National Bank v. Oklahoma Tax Comm'r,* 309 U. S. 560, 568. * * *."

In oral arguments before us, the Municipal League, anxious for more taxes, the Association of County Commissioners, certainly not averse to more taxes, and a group of Denver Druggists, through their respective counsel appeared and gave the court the benefit of their views. Significantly no one appeared to present the views of the persons most vitally interested — the taxpayers. Their rights, if any remain, should be determined only in adversary proceedings; they should not be clouded or prejudged by an advisory opinion rendered in a proceeding in which they had no part.

The attorney general is the legal adviser to the governor, from whom he can obtain written opinions on "all questions of law." Certainly the language of the statute is broad enough to cover the questions presented to this court. C.R.S. '53, 3-9-1, provides:

"The attorney general of the state shall be the legal counsel and adviser of each and every department, division, board, bureau and agency of the state government. * * * When requested so to do, he shall give his opinion *in writing upon all questions of law* submitted to him by the general assembly or either house thereof, *or by the governor,* lieutenant governor, secretary of state, treasurer, auditor, or state commissioner of education. * * *." (Emphasis supplied.)

I express no opinion as to the correctness of the answer to any question submitted.

I am authorized to state that JUSTICE KNAUSS concurs in the views herein expressed.